IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ISLAMIC AND EDUCATIONAL CENTER "EZAN" of GREATER DES MOINES; and NIJAZ VALJEVCIC, <br><br> Petitioners, <br><br> vs. <br><br> JANET NAPOLITANO, Secretary of Department of Homeland Security; ALEJANDRO MAYORKAS, Director of U.S. Citizenship and Immigration Services of the Department of Homeland Security; U.S. CITIZENSHIP and IMMIGRATION SERVICES; PERRY RHEW, Chief of the Administrative Appeals Office of the U.S. Citizenship and Immigration Services of the Department of Homeland Security; and ROSEMARY LANGLEY-MELVILLE, Director of the California Service Center of the U.S. Citizenship and Immigration Services of the Department of Homeland Security, <br><br> Respondents. | No. 4:11-cv-00045 – JEG <br><br> **O R D E R** |

This matter comes before the Court on Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), and 12(b)(6) filed by the Respondents, Janet Napolitano, Secretary of the Department of Homeland Security (DHS); Alejandro Mayorkas, Director of the U.S. Citizenship and Immigration Services of the Department of Homeland Security (USCIS); the USCIS; Perry Rhew, Chief of the Administrative Appeals Office of the USCIS; and Rosemary Langley-Melville, Director of the California Service Center of the USCIS, which Petitioners Islamic and Educational Center "Ezan" of Greater Des Moines ("Ezan") and Nijaz Valjevcic resist. While Petitioners make a general reference to oral argument at the end of their resistance, the request is not properly set out in the caption as required by Local Rule 7(c); furthermore, the Court finds

the record is sufficient, and no hearing is necessary in the matter. The case is fully submitted and ready for ruling.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Ezan is a mosque located in Des Moines, Iowa, that was established in August 2008 and maintains tax-exempt status as a religious organization. Valjevcic is a citizen and national of Bosnia who entered the United States on February 5, 2009, as a B-2 nonimmigrant visitor for pleasure. Valjevcic's B-2 nonimmigrant status authorized him to remain in the United States for a period of six months. His status expired on August 4, 2009; however, Valjevcic did not leave the United States when his period of authorized stay expired. Ezan asserts that Valjevcic has been, and is still, volunteering as a Muslim leader or "imam" at Ezan since at least March 2009.

On August 19, 2009, Ezan submitted a USCIS Form I-360 Petition (I-360 Petition) for Special Immigrant status on behalf of Valjevcic. On November 5, 2009, USCIS denied the petition because Valjevcic had been working in the United States even though such work was not authorized for a nonimmigrant holding a B-2 visitor visa and because Valjevcic overstayed his period of authorized visitation as a B-2 nonimmigrant visitor.

On December 4, 2009, Ezan appealed the denial of the I-360 Petition to the USCIS Administrative Appeals Office (AAO). On August 19, 2010, the AAO dismissed the appeal, again citing, among other reasons, the fact that Valjevcic had worked even though employment was not authorized by his B-2 visitor visa and that his nonimmigrant status had expired.

---

[1] The material facts in this case are essentially undisputed in the pleadings, though Petitioners assert various conclusions in their resistance without reference to specific facts. Factual disputes of this nature do not preclude the Court from examining its jurisdiction. See, e.g., Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

On September 20, 2010, Ezan filed with the AAO a Motion to Reopen and Reconsider the petition denial. On October 5, 2010, the Director of the USCIS California Service Center dismissed the motion and affirmed the petition's denial.

On January 26, 2011, Ezan and Valjevcic filed a Complaint with this Court under Administrative Procedures Act, 5 U.S.C. § 706(2), seeking judicial review of Respondents' denial of Petitioners' immigration visa petition and arguing the denial of the petition violated Ezan's first amendment rights. On March 8, 2011, Petitioners filed an Addendum to the Complaint, which consisted of the USCIS's decisions of November 5, 2010 (Exhibit A), and August 19, 2010 (Exhibit B). On June 8, 2011, the Respondents filed this Motion to Dismiss under Rule 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, which Petitioners resist.

## II. DISCUSSION

### A. Standard of Review

"Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). See McClain v. Am. Econ. Ins. Co., 424 F. 3d 728, 734 (8th Cir. 2005) ("[T]he district court was entitled to resolve fact issues in determining its jurisdiction.").

On a Rule 12(b)(6) motion to dismiss, the Court accepts "the factual allegations of the complaint as true, but the allegations must supply sufficient 'facts to state a claim to relief that is plausible on its face.'" O'Neil v. Simplicity, Inc., 574 F.3d 501, 503 (8th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2011)). Furthermore, "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## B. Standing

Petitioners seek judicial review of the denial of the I-360 Petition. An I-360 immigrant visa is a "special immigrant religious worker" visa available to ministers and religious workers who operate in a professional or nonprofessional capacity in a religious vocation or occupation as defined in 8 U.S.C. § 1101(a)(27)(c). See 8 C.F.R. § 204.5(m)(2). The special immigrant worker visa process begins with a religious organization (the petitioner) filing an I-360 Petition on behalf of the intended religious worker (the beneficiary). Id. at § 204.5(m). The petition is reviewed by the USCIS, and if it is approved, the beneficiary-religious worker can apply for a visa either from abroad or for adjustment of his or her status to a lawful permanent resident if he or she is already in the United States.

If, as here, an I-360 Petition is denied, only the petitioning party has the ability to appeal the denial, not the prospective beneficiary. See 8 C.F.R. § 103.3(a)(1)(iii)(B) (stating that those who have standing to appeal a denied petition does not "include the beneficiary of a visa petition"). See also Echevarria v. Keisler, 505 F.3d 16, 18 (1st Cir. 2007) (holding that the beneficiary of a Form I-130 visa petition did not have standing to challenge a denied petition); Gunduz v. U.S.C.I.S., Civil Action No. 07-780, 2007 WL 4343246, at *1 (W.D. Pa. Dec. 11, 2007) ("As the regulations make very clear, only the person or entity with legal standing may file and appeal and that does not include 'the beneficiary of a visa petition.'" (quoting 8 C.F.R. 103.3(a)(1)(iii)(B))).

Petitioners assert that their petition "clearly sets out a statement of facts that establishes a case of injury, causation and redressibility with regard to the Plaintiff Nijaz Waljevci [sic] which clearly demonstrate his standing to be a party of this action . . . ." Pls.' Resistance 2, ECF No. 12. Petitioners' injury argument is collateral to the standing issue. Valjevcic lacks standing because Ezan, not Valjevcic, filed the I-360 Petition and is therefore the petitioner and Valjevcic

4

is the beneficiary. See generally 8 C.F.R. § 204.5. Valjevcic – as the beneficiary and not the petitioner – has no legal standing to challenge the denial of the I-360 Petition filed on his behalf by Eza. See 8 C.F.R. § 103.3(a)(1)(iii)(B); see also Echevarria, 505 F.3d at 18 (noting that the I-360 Petition beneficiary was not the visa applicant and lacked standing to appeal the denial of the visa petition); Kale v. U.S.I.N.S., 37 F. App'x 90, at *2, (5th Cir. 2002) ("Under the applicable regulations, standing to move to reopen or reconsider is given only to an "affected party," which is defined as "the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition." (quoting § 103.3(a)(1)(iii)(B))); S & J Roofing Contractors v. Patterson, No. 10-60964-CIV, 2011 WL 1045643, at *3 (S.D. Fla. Mar. 17, 2011) (noting that under § 103.3, when a visa application is filed by an employer, the employee-beneficiary lacks standing to challenge the denial of the application).

The Court finds that Valjevcic lacks standing to pursue the claims herein and must be dismissed from this action.

### C. Review of the Denial of the Petition

To succeed on an I-360 Petition, the Petitioner must make a showing that the beneficiary-religious worker has worked as a minister or in a religious vocation or occupation either abroad or *in lawful immigration* status in the United States for at least the two-year period immediately preceding the filing of the petition. See 8 C.F.R. §§ 204.5(m)(4), (11) (emphasis added). This case turns on Valjevcic's immigration status in the two-year period preceding Ezan's filing the I-360 Petition.

Valjevcic entered the United States on February 5, 2009, on a B-2 visa as a nonimmigrant visitor for pleasure. Visitors with nonimmigrant B-2 visas are not afforded a status that allows them to engage in employment while they are in the United States. See 8 C.F.R. § 214.1(e) ("A nonimmigrant in the United States in a class defined in section 101(a)(15)(B) of the Act as a

temporary visitor for pleasure, . . . may not engage in any employment."). Any unauthorized employment by a B-2 visa holder constitutes a failure to maintain status by a nonimmigrant." Id.

The undisputed facts demonstrate that by providing volunteer and work-related services to Ezan, Valjevcic violated the terms of his B-2 visitor visa and failed to maintain his proper immigration status. See id. Violation of the terms of his B-2 visitor visa rendered Valjevcic ineligible to receive the I-360 visa because a prerequisite to being a candidate to receive that visa includes having a properly maintained immigration status in the United States. See 8 C.F.R. §§ 204.5(m)(4), (11). Petitioners have not, and on this record cannot, allege Valjevcic had maintained proper immigration status.

Based on the pleadings, the Court concludes as a matter of law that Valjevcic was not in proper immigration status, and therefore Plaintiff Ezan does not state a claim upon which relief may be granted.

## III. CONCLUSION

For the reasons stated, Respondents' Motion to Dismiss (ECF No. 6) must be **granted**. The above-entitled action is **dismissed**.[2]

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Based upon the foregoing discussion, the Court finds Petitioners' alternative request for additional time to replead their Complaint, referenced in the conclusion of their resistance to Respondents' motion to dismiss, would be futile and is therefore denied.